UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:07–60286–Civ–COOKE/BANDSTRA

JENNIFER AGNEW, *et al.*,

    Plaintiffs

vs.

ROANOKE COMPANIES GROUP, INC., *et al.*,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO SEVER PLAINTIFFS' CLAIMS
AND GRANTING DEFENDANTS' MOTION FOR SEPARATE TRIALS**

THIS MATTER is before me on the Defendants' Motion to Sever Plaintiffs' Claims or Alternatively for Separate Trials [D.E. 32]. The Parties have fully briefed the issues, and I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this order, the Defendants' motion to sever the Plaintiffs' claims is denied, and the Defendants' motion for separate trials is granted.

### BACKGROUND

This is a products liability action that arises from the Plaintiffs' alleged use of Stand 'n Seal "Spray-On" Grout Sealer. The Plaintiffs claim they suffered respiratory problems due to their exposure to Stand 'n Seal. This case was initially filed in this Court, was transferred by the Judicial Panel on Multidistrict Litigation for consolidated pretrial proceedings, and was recently remanded back to this court to proceed to trial.

### LEGAL STANDARDS

"Persons may join in one action as plaintiffs if they assert any right to relief jointly,

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). "[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000). Courts should liberally permit the joinder of both parties and claims. *Id.* (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)). "The Federal Rules, however, also recognize countervailing considerations to judicial economy. Rule 42(b), for example, provides for separate trials where the efficiency of a consolidated trial is outweighed by its potential prejudice to the litigants." *Alexander*, 207 F.3d at 1323.

## ANALYSIS

A. *Motion to Sever Plaintiffs' Claims*

The Defendants' argue that the Plaintiffs' claims should be severed because they do not arise from the same transaction or occurrence, and because no common question of law or fact exists between the Plaintiffs' claims. The Plaintiffs counter that this case involves thirteen individuals who all allege that they were injured due to their exposure to Stand 'n Seal. Although the Plaintiffs individual experiences differ in some respects, their claims rely on the same core allegation: the Defendants' product caused their injuries. As such, I find that the Plaintiffs claims arose from the same transaction, occurrence, or series of transactions or occurrences. Additionally, the Plaintiffs claims clearly involve *some* common questions of fact or law. *See Alexander*, 207 F.3d at 1324 ("The second prong of Rule 20 does not require that all questions of law and fact raised by the dispute be common, but only that some question of law or

fact be common to all parties."). For these reasons, the Defendants motion to sever the Plaintiffs' claims is denied.

B. *Motion for Separate Trials*

Arguing in the alternative, the Defendants request that separate trials be ordered, for each Plaintiff, in order to avoid jury confusion and prejudice to the Defendants. The Plaintiffs oppose separate trials for each Plaintiff, and propose, in the alternative and to the extent necessary, that I order two or three groups of Plaintiffs' cases to be tried together.

In support of their motion, the Defendants lay out some key facts regarding each of the thirteen Plaintiffs. These facts are supported by citations to the record and are not disputed (for purposes of this motion) by the Plaintiffs. The factual scenarios set out by the Defendants reveal three classes of Plaintiffs: (Class A) Plaintiffs exposed to Stand 'n Seal with Zonyl;[1] (Class B) Plaintiffs exposed to Stand 'n Seal with Flexipel or Flexipel + N-Butyl; and (Class C) Plaintiffs who are unsure which version of Stand 'n Seal they were exposed to.

I find, in order to offset the potential for jury confusion and prejudice to the Defendants, it is necessary to try the Plaintiffs' claims in three separate trials. The first trial will consist of Plaintiffs in Class A,[2] the second trial will consist of Plaintiffs in Class B,[3] and the third trial will

---

[1] Stand 'n Seal was originally manufactured with a chemical known as Zonyl, however sometime in 2005 Zonyl was replaced with Flexipel, and sometime after that Flexipel was replaced with Flexipel + N-Butyl.

[2] Class A Plaintiffs: Louis Ventrice, Janice Wagoner, and Marlene Handerson.

[3] Class B Plaintiffs: Jennifer Agnew, Larry Casaday, Dennis Herald, Brenda Nickolaus, Donna Walsh, Gregory Haney, and Louis Moreno.

consist of Plaintiffs in Class C.[4]

### CONCLUSION

Since the Plaintiffs claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and involve common questions of law or fact, the Defendants Motion to Sever Plaintiffs' Claims [D.E. 32] is **DENIED**.  The Defendants Motion for Separate Trials [D.E. 32], however, is **GRANTED**, as detailed in this order.  The Parties shall now file three joint scheduling reports, consist with my Order Requiring Counsel to Meet and File Joint Scheduling Report [D.E. 34] – a separate joint scheduling report for each trial.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of April 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
Counsel of record

---

[4] Class C Plaintiffs: Christopher Dugan, Gail and Thomas Weeks.